1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,            Case No.  18cr5558-DMS

11                  Plaintiff,            PRELIMINARY ORDER OF
                                          CRIMINAL FORFEITURE
12          v.

13   JASMINE ROJAS (2),

14                  Defendant.

15

16          WHEREAS, in the Information and the Bill of Particulars in the above-

17   captioned case, the United States sought forfeiture of all right, title and interest of

18   Defendant JASMINE ROJAS pursuant to Title 21, United States Code,

19   Sections 853(a)(1) and 853(a)(2), as properties involved in the violation of Title 21,

20   United States Code, Sections 841(a)(1), 846 as charged in the Information; and

21          WHEREAS, on March 14, 2019, Defendant JASMINE ROJAS pled guilty

22   before Magistrate Judge Nita L. Stormes to counts 1-3 of the Information, consented

23   to the forfeiture allegations of the Information, and agreed to forfeit the following

24   properties, which Defendant admitted were properties used or intended to be used to

25   commit or to facilitate the commission of the offenses to which they entered their

26   guilty pleas, 21 U.S.C. §841(a)(1), 846, and forfeitable pursuant to 21 U.S.C. §§

27   853(a)(1) and 853(a)(2):

28   //

a) 2015 Toyota Corolla, VIN 5YFBURHE4FP206714, California License Plate No. 7FSG208;

b) 2015 Jeep Wrangler Sahara, VIN 1C4BJWEG3FL736274, No License Plate;

c) 2002 BMW X5 SUV, VIN 5UXFB33592LH36001, California License Plate No. 6WFZ322; and

d) $166,928.00 in U.S. Currency.

WHEREAS, on or about March 21, 2019, the 2002 BMW X5 SUV was administratively forfeited in the Southern District of California by the United States Drug Enforcement Administration ("DEA");

WHEREAS, on or about April 4, 2019, the 2015 Toyota Corolla was administratively forfeited in the Southern District of California by DEA;

WHEREAS, on or about April 24, 2019, the 2015 Jeep Wrangler Sahara was administratively forfeited in the Southern District of California by DEA;

WHEREAS, on April 8, 2019 this Court accepted the guilty plea of Defendant;

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense;

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 21 U.S.C. §§ 853(a)(1) and 853(a)(2) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

//

1.     Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant JASMINE ROJAS in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a) 2015 Toyota Corolla, VIN 5YFBURHE4FP206714, California License Plate No. 7FSG208;

    b) 2015 Jeep Wrangler Sahara, VIN 1C4BJWEG3FL736274, No License Plate;

    c) 2002 BMW X5 SUV, VIN 5UXFB33592LH36001, California License Plate No. 6WFZ322; and

    d) $166,928.00 in U.S. Currency.

2.     As the 2015 Toyota Corolla, 2015 Jeep Wrangler Sahara, and the 2002 BMW X5 SUV were previously forfeited administratively; no ancillary proceedings or further forfeiture action is required as to Defendant JASMINE ROJAS (2) with regards to the three vehicles.

3.     The $166,928.00 in U.S. Currency is to be held by the United States Marshals Service in its secure custody and control.

4.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

5.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currency that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the currency, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: June 25, 2019

Hon. Dana M. Sabraw
United States District Judge